IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENARO PEREZ CASTILLO, # 294507, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:15cv148-MHT |
| | ) |
| LEEPOSEY DANIELS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama prisoner Genaro Perez Castillo. Doc. 1.[1]

### I.   BACKGROUND

On March 4, 2014, in the Tallapoosa County Circuit Court, Castillo pleaded guilty to reckless murder in violation of Alabama Code § 13A-6-2(a)(2), and first-degree assault in violation of Alabama Code § 13A-6-20(a)(5).[2] On that same date, the trial court sentenced Castillo to concurrent terms of 30 years for the murder conviction and 15 years for the assault conviction. Castillo took no direct appeal.

On June 30, 2014, Castillo filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 7-5. In that petition, he presented claims that:

1. He was sentenced to two terms of imprisonment for a single act, which violated double jeopardy principles.
2. The indictment failed to confer jurisdiction on the trial court because the facts recited therein did not comport with the facts of the case.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.
[2] The two counts in the indictment to which Castillo pleaded guilty alleged that, while driving drunk and on the wrong side of the road, he caused a car wreck in which the driver of the other car was killed and a passenger sustained serious physical injuries. *See* Doc. 7-1 at 1.

      3.      His trial counsel was ineffective for failing to raise the legal principles underling Claims (1) and (2) before the trial court.

Doc. 7-5 at 11–20.

On July 24, 2014, the State of Alabama filed an answer to Castillo's Rule 32 petition, arguing that his claims lacked merit and that they were subject to various procedural bars in Rule 32.2(a). Doc. 7-6. On July 31, 2014, the trial court entered an order summarily denying Castillo's petition, finding it was not meritorious. Doc. 7-7. Castillo then filed three unsuccessful post-judgment motions alleging that the State had not answered his Rule 32 petition and that he was entitled to a hearing on this issue. *See* Doc. 7-9 at 3. In denying the post-judgment motions, the trial court noted that the State filed an answer and that the court had ruled on Castillo's petition after considering that answer. Doc. 7-9.

Castillo appealed the denial of his Rule 32 petition, reasserting the claims in his petition and also continuing to insist that the State had not answered the petition. Doc. 7-8. By unpublished memorandum opinion issued on January 30, 2015, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Castillo's Rule 32 petition, holding that Castillo failed to present facts or arguments to support his claims. Doc. 7-9. Castillo applied for rehearing, which was overruled on March 6, 2015. Docs. 7-10 & 7-11. He did not file a petition for writ of certiorari with the Alabama Supreme Court, and the Alabama Court of Criminal Appeals entered a certificate of judgment on March 25, 2015. Doc. 7-12.

In the instant § 2254 petition, Castillo reasserts his Rule 32 claims that (1) his convictions and sentence violate double jeopardy principles, and (2) his indictment and conviction for murder did not comport with the facts of the case.[3] Doc. 1 at 3–8. The respondents contend that Castillo's claims are unexhausted and procedurally defaulted because he failed to present them through one

---

[3] Castillo does not reassert his claim of ineffective assistance of counsel.

complete round of state court appellate review and he may no longer return to state court to exhaust the claims. Doc. 7.

After consideration of the parties' submissions, the record, and the relevant law, the undersigned finds that Castillo is not entitled to habeas relief because his claims are procedurally barred from federal review; therefore, his § 2254 petition should be denied without an evidentiary hearing. *See* Rule 8(a) of the Rules Governing Section 2254 Cases in United States District Courts.

## II. DISCUSSION

### A. Procedural Default

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—that is, a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if

presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

**B.      Castillo's Claims Are Procedurally Defaulted.**

A review of the record confirms the respondents' contention that Castillo failed to exhaust his habeas claims through one complete round of state court appellate review. *See* Doc. 7. Castillo's claims are of the sort that could have been raised on direct appeal. However, Castillo took no direct appeal. Castillo can no longer return to the state courts to exhaust his claims because the time for him to appeal has long since passed. *See* Ala.R.App.P. 4(b)(1) (providing that defendants in criminal cases must appeal within 42 days after sentencing). If a Rule 32 petition was the proper place for Castillo to present his claims, Castillo failed to exhaust the claims in the state courts when he filed no petition for writ of certiorari with the Alabama Supreme Court after the Alabama Court of Criminal Appeals affirmed the trial court's denial of his Rule 32 petition and denied his application for rehearing of the appellate court decision. The time for Castillo to seek state certiorari review has long since passed, and he has no other available remedies.[4] *See* Ala.R.App.P. 39(c)(2) (providing that a petition for writ of certiorari must be filed with the Alabama Supreme Court within 14 days after the decision of the Alabama Court of Criminal Appeals on the appellant's application for rehearing). Thus, the exhaustion doctrine and state

---

[4] Castillo would also be barred from raising his claims in a successive Rule 32 petition. *See* Ala.R.Crim.P. 32.2(b).

procedural rules coalesce into the procedural default of Castillo's habeas claims. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

C.  **Exceptions to Procedural Default**

A habeas petitioner can escape the procedural default doctrine either by showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or by establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).  Cause for a procedural default ordinarily turns on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules or that the procedural default resulted from ineffective assistance of counsel. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish prejudice, a petitioner must show that the errors at trial worked to his actual and substantial disadvantage, "infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170; *see Murray*, 477 U.S. at 494.  Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327.

Castillo offers the State's alleged failure to file an answer to his Rule 32 petition as cause for his procedural default. *See* Doc. 1 at 6–7; Doc. 10.  Leaving aside the validity of Castillo's allegation,[5] he fails to demonstrate a link between the State's purported failure to file an answer to his Rule 32 petition and his procedural default.  Even if the State did fail to file an answer, Castillo does not articulate how this failure could have impeded his ability to apply for certiorari

---

[5] As noted above, the trial court found that the State filed its answer to Castillo's Rule 32 petition prior to the court's July 31, 2014 denial of the petition. A copy of the State's answer is included in the record and reflects that the clerk of the circuit court stamped the answer as filed on July 24, 2014. Doc. 7-6. The answer appends a certificate of service indicating that the answer was mailed to Castillo at his place of incarceration.

with the Alabama Supreme Court after the Alabama Court of Criminal Appeals overruled his application for rehearing in the appeal stage of the Rule 32 proceedings, or how it could have impacted his direct appeal almost three months before he filed his Rule 32 petition. Under the circumstances, the court finds that Castillo has failed to establish cause excusing his procedural default.

Castillo next argues he is actually innocent of the offenses of which he was convicted and that his actions constituted, at most, the offense of "DUI homicide" under Alabama Code § 32-5A-191(a)(2). Doc. 10 at 4–9. Yet the Alabama Criminal Code does not contain an offense known as "DUI homicide," and the statute that, according to Castillo, defines this crime—Alabama Code § 32-5A-191(a)(2)—actually defines the run-of-the-mill misdemeanor offense of driving under the influence of alcohol, which does not involve death or injury to another person. Moreover, in making his argument, Castillo acknowledges that the facts of his case involved a car wreck (while he was driving on the wrong side of the road under the influence of alcohol), resulting in the death and serious injury of other persons. This is the conduct to which he pleaded guilty, and it establishes the elements of the offense charged in the indictment's murder count, including that he recklessly engaged in conduct that manifested extreme indifference to human life and created a grave risk of death to other persons. *See* Doc. 7-1 at 1. Castillo in no way demonstrates his factual innocence of the crimes to which he pleaded guilty. His argument, moreover, is based on no new reliable evidence.

"[T]he *Schlup* standard [for actual innocence] is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). As the Supreme Court observed in *Schlup*,

6

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Castillo does not carry his heavy burden of demonstrating actual innocence. Therefore, his assertion of actual innocence provides no gateway for review of his procedurally defaulted claims. Absent a showing of cause for his procedural default or a demonstration of actual innocence, Castillo's claims are foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **February 15, 2017**. A party must specifically identify the factual findings and legal conclusions in the recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R.

3-1; *Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE on the 1st day of February, 2017.

                                              */s/ Gray M. Borden*
                                              UNITED STATES MAGISTRATE JUDGE